# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

**WILLIE HUGLE,**

    **Plaintiff,**

**v.**                                                            **Case No. 2:19-cv-00123**

**PRIMECARE MEDICAL, INC.** *et al.***,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On February 21, 2019, the plaintiff filed a Complaint under 42 U.S.C. § 1983 (ECF No. 2), concerning his medical treatment and conditions of confinement at the South Central Regional Jail ("SCRJ"), and an Application to Proceed Without Prepayment of Fees and Costs ("Application") (ECF No. 1). However, the Application was insufficient because the Certificate section setting forth the information concerning his financial information was not completed.

By Order and Notice entered on June 28, 2019, the plaintiff was ordered to file a new Application form by July 12, 2019, so that this matter could proceed. (ECF No. 4). The Order and Notice warned that the failure to comply therewith would result in a recommendation to dismiss this matter. The plaintiff did not timely file the new form,

and the undersigned's Order and Notice was returned as undeliverable, indicating that the plaintiff was no longer at the SCRJ and no new address was provided. (ECF No. 5).

On August 21, 2019, the Clerk's Office received a letter from the plaintiff providing a change of address. (ECF No. 6). Consequently, the undersigned entered another Order and Notice directing the plaintiff to file a new Application to Proceed Without Prepayment of Fees and Costs by November 4, 2019, and advising him that the failure to do so would result in the recommended dismissal of this matter for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff failed to comply with the court's Order and Notice and has failed to communicate in any way with the court since the receipt of his letter on August 21, 2019. The court is unable to move this matter forward and the responsibility for the delay in the progress of this matter is entirely on the plaintiff. Accordingly, dismissal appears to be the only appropriate sanction. However, because the defendants were never served with process, a dismissal without prejudice may be less drastic.

## RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days

(service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to transmit a copy to counsel of record, and to mail a copy to the plaintiff.

December 9, 2019

Dwane L. Tinsley
United States Magistrate Judge